RECEIVED
MAR - 6 2017
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| TYLER LEGROS, on Behalf of Himself and Others Similarly Situated | CIVIL ACTION NO. 15-1082 |
| VERSUS | JUDGE DOHERTY |
| MUD CONTROL EQUIPMENT, CO. | MAGISTRATE JUDGE HANNA |

### MEMORANDUM RULING

Following a settlement conference with the Magistrate Judge, the parties reached a settlement in this case, which previously had been conditionally certified as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. Thereafter, counsel filed a Joint Motion for Approval of the Settlement and to Dismiss the Collective Action With Prejudice. [Doc. 67] Under the proposed Settlement Agreement, thirty collective action members will receive backpay and an equal amount of liquidated damages under the FLSA, no collective action member's payment will be reduced by attorneys' fees and expenses, the action will be dismissed with prejudice, and each party will bear its own attorney's fees and costs except as provided in the proposed settlement agreement. For the following reasons, the Joint Motion for Approval of the Settlement and to Dismiss the Collective Action With Prejudice [Doc. 67] is GRANTED.

### LAW AND ANALYSIS

Because this case has been conditionally certified as a collective action under the FLSA, this Court must approve the settlement before it may be finalized. *Rivas v. Beaucoup Crawfish of Eunice, Inc.*, 2014 WL 5488390, *2 (W.D. La. 2014)(citing *Brooklyn Sav. Bank v. Oneil*, 324 U.S. 697 (1945); *Camp v. Progressive Corp.*, 2004 WL 2149079 (E.D. La. 2004); and *Liger v. New Orleans Hornets NBA Limited Partnership*. 2009 WL 2856246 (E.D. La. 2009)). Before the Court may

approve a settlement in a collective action brought under the FLSA, it must first determine whether the settlement involves the resolution of a bona fide dispute over an FLSA provision and then decide whether the settlement is fair and reasonable. *Id.* (citing *Camp* at *4); *see also Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), *Jarrad v. Southern Shipbldg. Corp.*, 163 F.2d 960 (5th Cir. 1947); and *Stalnaker v. Novar Corp.*, 293 F.Supp.2d 1260, 1263 (M.D. Ala. 2003).

In the instant case, the Parties fiercely contested the claims and defenses asserted. Plaintiff alleged that Mud Control's employees performed largely manual labor in routine fashion, which included operating, servicing, and repairing solids control equipment. Mud Control argued some of the Plaintiffs performed work-related tasks by exercising their own independent judgement and discretion, made high level decisions that affected the overall success of business projects, supervised more than 2 employees for over 80 hours in a single workweek, and some were highly compensated earning in excess of $100,000 a year.

Further, Plaintiffs argued that all Plaintiffs were similarly situated in the terms of relevant job duties and compensation practices, regardless of the length of time or location worked for Mud Control. On the other hand, Mud Control maintained that it would seek decertification of the FLSA classes because it believed that its employees were not similarly situated and the cases should be tried independent of each other.

The Parties further disagreed on whether Plaintiffs could satisfy their burden to demonstrate that Mud Control acted willfully, which in turn affects whether Plaintiffs' recovery would be limited to two (2) years or three (3) years. *See* 29 U.S.C. § 255. Plaintiff also contended that Mud Control would not be able to meet its burden to prove that it acted in good faith, which would implicate the amount of any of liquidated damages. *See* 29 U.S.C. § 260. Mud Control maintained that at all times

it acted in good faith, and damages (if any) should be recovered only for a two (2) year period.

The Court finds the instant action (as set forth above) presents a bona fide dispute over FLSA provisions. Because these issues are sufficient for this Court to find "that genuine uncertainty as to the outcome existed" for each side, a bona fide dispute exists in this case. *Rivas* at *2 (*citing Liger* at *3).

In determining whether a settlement is fair, adequate and reasonable, the Court should consider the following six factors: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of the class counsel, class representatives, and absent class members. *Reed v. General Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983); *see also Camp* at *5; *Rivas* at *2. When considering these factors, the court should keep in mind the "strong presumption" in favor of finding a settlement fair. *Camp* at *5 (citing *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977); *Henderson v. Eaton*, 2002 WL 31415728, at *2 (E.D. La. 2002)).

In this matter, there is no evidence of any fraud or collusion behind the settlement. This Court may presume that no fraud or collusion occurred between counsel, in the absence of any evidence to the contrary. *Camp* at *7. Moreover, since this case was filed in 2014, counsel for the parties have vigorously represented and advanced the position of their clients, engaging in discovery, and competently addressed the issues presented in this litigation. Furthermore, given the Magistrate Judge's active role in overseeing this litigation and the attendance by the parties at a settlement conference held on July 28, 2016, which culminated in the proposed November 2016 Settlement Agreement, it is clear that the settlement has been arrived at by arms-length bargaining and good faith negotiations. The first factor favors approval of the settlement as fair, adequate and reasonable.

With regard to the inquiries set forth in the second factor - the complexity, expense, and likely duration of the litigation - this FLSA action presented multiple complex legal issues which have been zealously litigated by experienced counsel, at significant expense. Had a settlement not been consummated, the Court is of the opinion that this case would likely have remained in litigation for a significant amount of time, in excess of at least one or two years, causing the parties to have incurred significant additional expense. Following the opt-in deadline, the defendants intended to file a motion to decertify the collective action, which would have necessitated additional discovery, briefing and court appearances. Accordingly, the second factor weighs in favor of finding that the settlement is fair, adequate and reasonable.

The third factor - the stage of the proceedings and the amount of discovery completed - likewise supports a finding that the settlement is fair, adequate and reasonable, and accordingly, should be approved. This case has been pending for almost three years. During its pendency, the parties have conducted discovery and factual and legal investigations. The parties stipulated to conditional certification and issuance of notice to a proposed class consisting of current and former day rate field service technicians employed by defendant for the previous three years. While several substantive issues remain outstanding, including whether this collective action should be decertified, this case is ripe for settlement.

The fourth factor - probability of plaintiff's success on the merits - supports a finding that the settlement is fair, adequate and reasonable. This case has been litigated by competent lawyers on each side. Accordingly, while at present, the plaintiffs enjoy a high probability of success on the merits, given the competency of defense counsel and the uncertainty of adverse rulings on the undecided decertification issue, failure on the merits is equally likely. Moreover, depending on the outcome of this litigation, an appeal to the Fifth Circuit by each side would be likely. Thus, based

upon the uncertainty of the eventual outcome of this litigation, the fourth factor weighs in favor of finding that the settlement of this action is fair, adequate and reasonable.

The fifth factor - the range of possible recovery - weighs in favor of a finding that the settlement is fair, adequate and reasonable. Each eligible class member will receive back wages allegedly due, plus an equal amount as liquidated damages. The Court therefore finds the total amount offered to each plaintiff is adequate, fair and reasonable and within the range anticipated by the Court. Likewise, the total amount of attorney's fees and expenses sought by plaintiffs' counsel from the defendant will not reduce any collective action member's damage award, but rather will be paid to counsel separately, and only after each class member has been fully compensated. These fees and expenses are not excessive or unreasonable, and the Court therefore finds that these fees and expenses are fair and reasonable.

The final factor - the opinions of the class counsel, class representatives, and absent class members - also mandates a finding that the settlement is fair, adequate and reasonable. Class counsel, the class representative and all putative class members, as well as the defendant and its counsel, have approved the terms of the Settlement Agreement and have joined in asking this Court for approval. There have been no objections to the settlement filed in the record, and all agree that the proposed settlement is in the best interests of the parties involved. The settlement was arrived at after extensive negotiation by counsel. The Court is entitled to rely on the judgment of experienced counsel in its evaluation of the merits of a class action settlement. *Liger*, 2009 WL 2856246, at *4 *citing Cotton*, 559 F.2d at 1330. However, the Court must keep in mind that a potential conflict of interest always exists between an attorney and a class. *Id.* (citations omitted). The Court finds no evidence that plaintiffs' counsel has not worked in good faith to secure a good settlement.

As part of the fairness determination, the Court assesses the reasonableness of any proposed award of attorney's fees and expenses sought by plaintiff's counsel . *Rivas* at *5; *Camp* at *18 (citing *Strong v. BellSouth Telecomms., Inc.*, 137 F.3d 844, 849-50 (5th Cir. 1998)). The Fifth Circuit generally uses the lodestar method for determining reasonableness. *Hebert v. Baker Hughes, Inc.*, 2016 WL 7029336, *4 (W.D.La.). After calculating the lodestar, the district court may enhance or decrease the amount of attorney's fees based on the factors set forth in *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714 (5th Cir. 1989). *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013).

In this case, all parties have agreed plaintiff's counsel is entitled to a total of 40% of the gross settlement amount for attorney's fees, costs and expenses. The parties have not submitted documentation as to the total hours of attorney work performed by plaintiff' counsel or counsel's customary rate of pay. Nevertheless, given that contingency fee arrangements in this legal community are generally in excess of 33%[1], and attorney's fees and expenses are usually deducted from each plaintiff's total recovery, the Court finds the proposed award in this case, which is not to be deducted from any plaintiff's recovery, is fair and reasonable. As previously noted, a significant amount of time and effort has been expended in the three years this case has been pending. The Professional Services Agreement between plaintiffs and class counsel provides for a contingency fee of 40% of the gross settlement amount, and defendants agreed to payment of that amount as attorney's fees in the settlement agreement, separate and apart from the award of damages for the plaintiffs. Further, class counsel's skill, knowledge, reputation and experience is well-recognized in FLSA cases such as this. [Doc. 72, pp. 5-6] Finally, the Court finds the degree of success in this matter is high, in that defendant vigorously contested plaintiffs' claims, and plaintiffs had to litigate

---

[1] *See e.g. Hebert v. Baker Hughes, Inc.*, 2016 WL 7029336, *4 (W.D.La.); *see also In re Bayou Sorrel Class Action*, 2006 WL 3230771 (W.D.La.)

this matter for almost three years before the matter could be resolved. For all of the foregoing reasons, the Court finds the amount of attorney's fees agreed to by the parties in the settlement contract is fair and reasonable.

## CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that the Joint Motion for Approval of the Settlement and to Dismiss the Collective Action With Prejudice [Doc. 67] is GRANTED, and this case is hereby DISMISSED WITH PREJUDICE.

Signed this ___6___ day of March, 2017, at Lafayette, Louisiana.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE